UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNIOR PORTER,          Civil Action No.: 17-10577
                                     Honorable Nancy G. Edmunds
     Plaintiff         Magistrate Judge Elizabeth A. Stafford

v.

MENTAL HEATLH
DEPARTMENT (MDOC),

     Defendant.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT MICHIGAN DEPARTMENT OF CORRECTION'S
<u>MOTION TO DISMISS [ECF NO. 9]</u>**

**I.    Introduction**

Plaintiff Junior Porter, proceeding *pro se*, has filed this lawsuit under 42 U.S.C. § 1983 against the Mental Health Department of the Michigan Department of Corrections (MDOC). [ECF No. 1]. He alleges that prescriptions for some of his medications were wrongly terminated, and seeks relief of $1 million in damages. [ECF No. 1, PageID 3-4]. MDOC moves to dismiss or for summary judgment, arguing that it is immune from suit and that Porter did not exhaust his administrative remedies. [ECF No. 9]. Porter filed a response that did not address any of the substance of the MDOC's motion. [ECF No. 14]. Because MDOC is immune from suit for

money damages, the Court recommends that MDOC's motion to dismiss be granted.

## II. Analysis

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012). Here, Porter's complaint states no plausible claim for relief because MDOC is entitled to Eleventh Amendment immunity.

The Eleventh Amendment protects states, their departments and agencies from suit in federal court for injunctive, monetary or declaratory relief by their own citizens or citizens of another state. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Absent clear abrogation of a state's

immunity pursuant to a valid exercise of power, it may not be sued without its consent. *Id.* at 54, 73; *Green v. Mansour*, 474 U.S. 64, 68 (1985). Michigan has not consented to civil rights suits in federal court. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). And it is well settled that the MDOC is immune from being sued for money damages under § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Porter has thus failed to state a claim for which relief can be granted.

### III.   Conclusion

The Court **RECOMMENDS** that the MDOC's motion to dismiss be **GRANTED [ECF No. 9]**, and that judgment be entered in MDOC's favor.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 2, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2017.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager